# In the United States Court of Federal Claims

No. 24-67
Filed: February 7, 2025

|  |  |
|---|---|
| RAMEY ALAINE CHISUM, | ) ) ) |
| *Plaintiff*, | ) ) ) |
| v. | ) ) ) |
| THE UNITED STATES, | ) ) ) |
| *Defendant*. | ) ) ) |

## OPINION AND ORDER

Plaintiff Ramey Chisum, appearing pro se, brings various claims against the United States, a state agency, and several private parties. Ms. Chisum's allegations relate to her medical care and social security benefits. The Government moves to dismiss this case for lack of subject matter jurisdiction and for failure to state a claim. ECF No. 7. Ms. Chisum moves for summary judgment. ECF No. 8; *see also* ECF No. 9. Because the court must review its jurisdiction as a preliminary matter, the court first considers the Government's motion. The court grants the Government's motion to dismiss and denies-as-moot Plaintiff's motion.

**I.     Background**

From what the court can discern, some of Ms. Chisum's claims relate to allegations of inadequate medical care. Ms. Chisum claims she and her children did not receive adequate treatment from the Truman Medical Center during several visits between 2007 and 2015 and consequently suffered injuries from their care. ECF No. 12 at 2-3; ECF No. 14 at 1, 4, 10-11. Further, Ms. Chisum allegedly raised several complaints about the Truman Medical Center with the Missouri Department of Health and Senior Services and various federal agencies. ECF No. 12 at 3; ECF No. 14 at 1-4. Ms. Chisum alleges the state and federal agencies failed to investigate her complaints. ECF No. 12 at 3; ECF No. 14 at 4. She argues the state and federal agencies' failure to investigate renders them liable to Ms. Chisum for her and her children's injuries. ECF No. 12 at 1-4.

The rest of Ms. Chisum's claims relate to her efforts to receive social security benefits. Ms. Chisum claims she applied for "SSDI payments" in 2010, and the Social Security Administration revoked her benefits later that year. ECF No. 12 at 2; ECF No. 14 at 1-2. Then in 2022, Ms. Chisum allegedly entered into a contract with the Department of Justice to "assure and enforce zero retaliation by the Social Security Administration and the [Department] of Housing and Human Services," which the United States subsequently breached. ECF No. 1 at 1; ECF No. 14 at 6. Further, she claims she received a "section 8 voucher" from "this court" as a

result of the resolution of her prior case before this court, *Chisum v. United States*, 22-377, but the Department of Housing and Urban Department terminated her "section 8 voucher without cause, notice, explanation and[/]or right to appeal" on January 1, 2024. ECF No. 1 at 1. Without the voucher, Ms. Chisum states she cannot afford a house, so she blames the United States for her "eviction." ECF No. 1 at 2. Ms. Chisum describes her and her children as living in isolation and blames the United States Government for their separation from the community. ECF No. 1 at 2; ECF No. 12 at 3; ECF No. 14 at 5.

## II.     Standard of Review

### A.     Subject Matter Jurisdiction

When deciding a motion to dismiss for lack of subject matter jurisdiction, the court must "assume all factual allegations to be true and . . . draw all reasonable inferences in plaintiff's favor." *Henke v. United States*, 60 F.3d 795, 797 (Fed. Cir. 1995). The court holds a pro se plaintiff's pleadings to a less stringent standard and liberally construes language in the plaintiff's favor. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The lenient pro se pleading standard, "however, does not relieve a plaintiff of jurisdictional requirements." *Roman v. United States*, 61 F.4th 1366, 1370 (Fed. Cir. 2023) (citing *Kelley v. Sec'y, U.S. Dep't of Lab.*, 812 F.2d 1378, 1380 (Fed. Cir. 1987)). Even pro se plaintiffs bear the burden to establish the court's jurisdiction "by a preponderance of the evidence." *Id.* (citing *Brandt v. United States*, 710 F.3d 1369, 1373 (Fed. Cir. 2013)); *see Henke*, 60 F.3d at 799 ("The fact that [the plaintiff] acted *pro se* in the drafting of his complaint may explain its ambiguities, but it does not excuse its failures . . . .").

Under the Tucker Act, this court has jurisdiction over "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). The Tucker Act itself "does not create any substantive right enforceable against the United States for money damages," *United States v. Testan*, 424 U.S. 392, 398 (1976); rather, "a plaintiff must identify a separate source of substantive law that creates the right to money damages," *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (citations omitted). The source of law "does not create a cause of action for money damages unless . . . that basis 'in itself . . . can fairly be interpreted as mandating compensation by the Federal Government for the damage sustained.'" *Testan*, 424 U.S. at 402 (quoting *Eastport S.S. Corp. v. United States*, 372 F.2d 1002, 1008-09 (Ct. Cl. 1967)). If the complaint does not establish jurisdiction, the court must grant the Government's motion and dismiss the complaint. *See* Rule 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

### B.     Failure to State a Claim

When deciding a motion to dismiss for failure to state a claim, the court must dismiss the complaint if the "facts asserted by the [plaintiff] do not entitle him to a legal remedy," *Lindsay v. United States*, 295 F.3d 1252, 1257 (Fed. Cir. 2002), or the facts "do not elevate a claim for relief to the realm of plausibility," *Laguna Hermosa Corp. v. United States*, 671 F.3d 1284, 1288 (Fed. Cir. 2012) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). A complaint "does not need detailed factual allegations" to be "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550

U.S. 544, 555, 570 (2007); *see also Cary v. United States*, 552 F.3d 1373, 1376 (Fed. Cir. 2009) (explaining that Rule 8 "does not require the plaintiff to set out in detail the facts upon which the claim is based, but enough facts to state a claim to relief that is plausible on its face" (citation omitted)).  In other words, the complaint must contain enough detail "to raise a right to relief above the speculative level."  *Twombly*, 550 U.S. at 555 (citations omitted).  Further, the court must accept "all well-pleaded factual allegations as true and draw[] all reasonable inferences in the [plaintiff's] favor."  *Lindsay*, 295 F.3d at 1257 (citation omitted).

**III.     The court must dismiss Plaintiff's complaint.**

Liberally construing Plaintiff's filings, the court understands Ms. Chisum to bring tort, criminal, constitutional, statutory, and contract claims against the United States, a state agency, and private individuals and entities for claims relating to events beginning in 2007.  From what the court can discern, Ms. Chisum attempts to bring these claims on her behalf and on behalf of her children.  ECF No. 1 at 2 (alleging violations of her children's rights).  To the extent Ms. Chisum attempts to bring claims on behalf of her children, the Rules of the United States Court of Federal Claims permit her to do so.  Rule 83.1(a)(3) ("An individual who is not an attorney may represent oneself *or a member of one's immediate family* . . . in any proceeding before this court." (emphasis added)).  Accordingly, the court will consider all Ms. Chisum's alleged claims brought on her behalf and on behalf of her children.

The court must dismiss the claims against the Missouri Department of Health and Senior Services, Truman Medical Center, and its staff for lack of subject-matter jurisdiction.  This court's jurisdiction is limited to cases against the United States.  28 U.S.C. § 1491(a)(1).  Jurisdiction does not extend to claims against any other party, so "if the relief sought is against others than the United States the suit as to them must be ignored as beyond the jurisdiction of the court."  *United States v. Sherwood*, 312 U.S. 584, 588 (1941).  Thus, this court does not have jurisdiction over claims against state agencies or private parties.  *Id.* (explaining this court's predecessor court lacked jurisdiction over claims against private parties); *Trevino v. United States*, 557 F. App'x 995, 998 (Fed. Cir. 2014) (holding this court lacks jurisdiction over claims against states).  The court must dismiss the complaint insofar as brings claims against any parties other than the United States.

To the extent Ms. Chisum alleges the United States is liable for the alleged conduct that occurred between 2007 and 2015, such claims are time-barred.  Although not raised by the Government, the court must consider whether Ms. Chisum's claims are timely.  *See John R. Sand & Gravel Co. v. United States*, 552 U.S. 130, 132 (2008) ("[T]he special statute of limitations governing the Court of Federal Claims requires . . . *sua sponte* consideration.").  Under this court's statute of limitations, "[e]very claim of which the United States Court of Federal Claims has jurisdiction shall be barred unless the petition thereon is filed within six years after such claim first accrues."  28 U.S.C. § 2501.  Ms. Chisum filed the present suit in January 2024.  ECF No. 1.  Accordingly, the six-year statute of limitations bars a suit based on conduct that occurred before January 2018.  Here, some of Ms. Chisum's allegations date back to 2007.  ECF No. 12 at 2; ECF No. 14 at 1.  In 2007, she allegedly suffered injuries from her care at Truman Medical Center.  ECF No. 12 at 2; ECF No. 14 at 1.  In 2010, the Social Security Administration allegedly revoked her "SSDI payments."  ECF No. 12 at 2; ECF No. 14 at 1-2.  Then in 2012 and 2015, she and her children allegedly suffered injuries from their care at

Truman Medical Center. ECF No. 12 at 3. These allegations relate to conduct that occurred over six years prior to the filing of the present complaint, so the court must dismiss claims based on those allegations.

Ms. Chisum's claims relating to her alleged 2022 agreement with the Department of Justice and HUD allegedly terminating her "section 8 voucher" allege claims against the United States based on conduct that occurred within the past six years. Based on a liberal construction of her allegations, the court understands Ms. Chisum to plead claims sounding in tort, criminal, constitutional, statutory, and contract law. Despite Ms. Chisum's arguments to the contrary, ECF No. 14 at 6, the court must dismiss these claims, too.

First, the court lacks jurisdiction over tort claims. Ms. Chisum complains that she is in "severe social isolation," ECF No. 12 at 3; ECF No. 14 at 11, and she alleges her agreement with the Department of Justice is "fraudulent," ECF No. 14 at 6. To the extent Ms. Chisum alleges claims for false imprisonment based on her "social isolation" or for fraud based on her alleged agreement from 2022, such claims sound in tort. *Brown v. United States*, 105 F.3d 621, 623 (Fed. Cir. 1997) (dismissing a claim for fraud); *Jackson v. United States*, 612 F. App'x 997, 998 (Fed. Cir. 2015) (dismissing a claim for false imprisonment). The Tucker Act provides explicitly that this court cannot hear claims "sounding in tort." 28 U.S.C. § 1491(a)(1); *Brown*, 105 F.3d at 623. The court must dismiss any claims against the United States that sound in tort for lack of subject-matter jurisdiction.

Second, the court lacks jurisdiction over criminal law claims. Ms. Chisum states that the United States may be "guilty of intimidating a plaintiff" and "perjury" when it allegedly entered into the 2022 agreement. ECF No. 1 at 1; ECF No. 14 at 6. To the extent she attempts to state claims under criminal law, this court has no jurisdiction over criminal law matters. *Ullman v. United States*, 151 F. App'x 941, 945 (Fed. Cir. 2005) ("[T]he Court of Federal Claims lacks jurisdiction on claims brought under the federal criminal code." (citation omitted)). As a result, the court must dismiss any criminal law claims.

Third, the court lacks jurisdiction over most constitutional law claims. Ms. Chisum alleges the United States "violated the plaintiff's constitutional rights," ECF No. 12 at 1, without explicitly invoking any constitutional provisions; however, she complains the United States revoked her social security benefits "without cause, notice, explanation and[/]or right to appeal," ECF No. 1 at 1.[1] *See also* ECF No. 14 at 5 ("[T]he plaintiff and her children are unconstitutionally deprived of the right to life, liberty and the pursuit of happiness."). The Fifth Amendment guarantees procedural due process rights. Therefore, the court construes Ms. Chisum's allegations to bring claims under the Fifth Amendment Due Process Clause. While this court hears certain cases arising under the Constitution, this court's jurisdiction over constitutional law claims covers only claims based on money-mandating constitutional provisions. *Carpenter v. United States*, 118 Fed. Cl. 712, 713 (2014). The Fifth Amendment's Due Process Clause is not money-mandating. *LeBlanc v. United States*, 50 F.3d 1025, 1028

---

[1] Ms. Chisum argues her children have a constitutional right "to attend school," which the United States violated. ECF No. 1 at 2. No such federal constitutional right exists, *see San Antonio Indep. Sch. Dist. v. Rodriguez*, 411 U.S. 1, 33-35, 37 (1973), so the court does not entertain any claim based on such an alleged right to education.

(Fed. Cir. 1995). Thus, the court must dismiss Ms. Chisum's procedural due process claims for lack of subject matter jurisdiction.

Fourth, the court understands Ms. Chisum's allegations to pertain to several statutory provisions, none of which grant this court jurisdiction. Ms. Chisum alleges the United States retaliated and discriminated against her by revoking her social security benefits. ECF No. 1 at 1; ECF No. 14 at 5. While she does not cite to any source of law, Ms. Chisum's allegations may implicate her rights to social security benefits. To the extent Ms. Chisum seeks to state claims challenging her social security benefits, such claims must be dismissed because Congress vested the district courts, not this court, with jurisdiction over such claims.[2] 42 U.S.C. § 405(g); *Marcus v. United States*, 909 F.2d 1470, 1471 (Fed. Cir. 1990). Consequently, the court must dismiss any statutory claims brought by Ms. Chisum.

Fifth and finally, the court must dismiss Ms. Chisum's contract claims for failing to state a claim. When a plaintiff alleges a breach of contract, "there is a presumption in the civil context that a damages remedy will be available upon the breach of an agreement." *Boaz Hous. Auth. v. United States*, 994 F.3d 1359, 1364 (Fed. Cir. 2021) (citations omitted). As a result, the "general rule" is "if a plaintiff alleges breach of a contract with the government, the allegation itself confers power on the [Court of Federal Claims] to decide whether the claim has merit." *Columbus Reg'l Hosp. v. United States*, 990 F.3d 1330, 1341 (Fed. Cir. 2021).

Ms. Chisum alleges she entered an agreement with the Department of Justice in 2022, which the United States breached. ECF No. 1 at 1. She does not provide anything but the bare allegation of a breach of contract:

> On 9-15 and 9-26-2022, an attorney with the Dept. of Justice entered into a contractual agreement to assure and enforce zero retaliation by the Social Security Administration and the Dept. of Housing and Human Services [sic] on behalf of the U.S. Government, a client of the Dept. of Justice.

*Id*. In her motion for summary judgment, Ms. Chisum never mentions any alleged contract; rather, she addresses only her long-running dispute with the Government that was at issue in her prior cases. *See generally* ECF No. 8. In her response to the Government's motion to dismiss, she never mentions the alleged contract. *See generally* ECF No. 12. If that were the end of it, the court would likely consider her contract argument forfeited.

But the court allowed Ms. Chisum to file a supplement to her response to the Government's motion to dismiss that does address the contract argument. Here, Ms. Chisum argues that: "In 2022 the Department of Justice promised the plaintiff that if she voluntarily dismissed the complaint against SSA, HUD and the government SSA and HUD would not

---

[2] Even if Ms. Chisum claims a constitutional right to her social security benefits, this court lacks jurisdiction over such a claim. *Marcus v. United States*, 909 F.2d 1470, 1471 (Fed. Cir. 1990).

retaliate." ECF No. 14 at 6.[3] Even if the court assumes this to be true, that there was a contract, and that there would be a monetary claim for breach of that contract, Ms. Chisum fails to state a claim.

In September 2022, when she claims the agreement was made, Ms. Chisum had a claim pending against the United States (also before the undersigned) alleging the same things as she alleges here except for the contract claims. If she agreed to dismiss her case in September 2022 as she alleges, she breached that agreement. She did not voluntarily dismiss her claims. In October 2022, the Government moved to dismiss her claims in Case No. 22-377. *See* Case No. 22-377, ECF No. 20.[4] Rather than agree to dismiss her claim, she moved for summary judgment, Case No. 22-377, ECF No. 22, and opposed dismissal of her complaint, Case No. 22-377, ECF No. 25. Nor did Ms. Chisum ever voluntarily dismiss her case; this court dismissed it over her objections. *Chisum v. United States*, No. 22-377, 2023 WL 4147151 (Fed. Cl. June 23, 2023), *appeal dismissed*, 2024-2294 (Fed. Cir. Jan. 10, 2025). Thus, even if the court accepts Ms. Chisum's allegations as true, assumes they were sufficient to create a contract, and that the resulting contract included a monetary remedy, she cannot prevail on her claim because by her own terms she breached the agreement.[5] Therefore, she fails to state a claim that the United States breached a contract with her.

### IV.   The court denies Plaintiff's motion for summary judgment.

On March 25, 2024, Ms. Chisum also filed a "Motion for Summary Judgment," ECF No. 8, seeking $6 million in monetary relief. The court stayed briefing on Ms. Chisum's motion on March 26, 2024. ECF No. 9. Because the court dismisses Ms. Chisum's complaint, the court denies-as-moot Ms. Chisum's motion, ECF No. 8.

### V.   Conclusion

For the foregoing reasons, the court:

1. **GRANTS** the Government's motion to dismiss, ECF No. 7;

---

[3] Because ECF No. 14 does not include consecutive pagination, the court cites to the ECF Header.

[4] The court may consider the docket in Case No. 22-377 without converting this to a motion for summary judgment because the docket constitutes public records and Ms. Chisum relies on the prior litigation in her complaint. *Terry v. United States*, 103 Fed. Cl. 645, 652 (2012) (citing *Sebastian v. United States*, 185 F.3d 1368, 1374 (Fed.Cir.1999) ("Taking judicial notice of public records does not require the court to treat a motion to dismiss as one for summary judgment.").

[5] Ms. Chisum also filed Case No. 21-1073, which raised many of the same issues in this case and Case No. 22-377. Nothing about that case could support Ms. Chisum's contract arguments here because Judge Holte dismissed that complaint in 2021, nearly a year before the alleged contract in this case.

2. **DENIES-AS-MOOT** Ms. Chisum's motion for summary judgment, ECF No. 8;

3. **GRANTS** Ms. Chisum's motion to proceed *in forma pauperis*, ECF No. 2; and

4. **DIRECTS** the Clerk's Office to enter judgment accordingly.

No costs.

It is so ORDERED.

s/ Edward H. Meyers  
Edward H. Meyers  
Judge